HAWKINS
v.
JOHNSON.

## HAWKINS and Others v. JOHNSON.

Declaration in debt by an execution-plaintiff on a delivery-bond payable to the sheriff, conditioned for the delivery of the property on a certain day. Suggestion on the record, that the bond is defective in not being made payable to the plaintiff. . Breach, that the property was not delivered on the day specified in the condition, nor at any other time since the execution of the bond. *Held*, on general demurrer, that the declaration was good.

A declaration in detinue may be objectionable on general demurrer, if it do not aver the value of the property; but the averment of value, in trespass or trover, or in suits on contracts for the delivery of property, is only matter of form.

*Wednesday,*
*May 30.*

APPEAL from the *Martin* Circuit Court.

BLACKFORD, J.—This was an action of debt by *Johnson* against *Hawkins, Smith,* and *Davis.* The declaration states that an execution in favour of *Johnson* against *Hawkins,* was levied by *Love,* the sheriff, upon a horse, saddle, and bridle, the property of *Hawkins;* that *Hawkins, Smith,* and *Davis,* executed a bond payable to *Love,* sheriff, in the penalty of 400 dollars, conditioned that *Hawkins* should deliver the property to *Love,* sheriff, to be sold by him at the house of *John P. Davis,* on the 20th of *May* then next following, by the hour of 11 o'clock; and that the bond is defective, in being made payable to the sheriff instead of to the execution-plaintiff, the latter being the party interested. The breach assigned is—that *Hawkins* did not, on the said 20th of *May,* at 11 o'clock, nor at any other time since the making of the said writing obligatory, deliver the horse, saddle, and bridle, nor either of them, to *Love,* sheriff, &c. The defendants demurred generally to the declaration, and the Court gave judgment for the plaintiff.

The appellants, defendants below, rely for a reversal of the judgment on the following grounds:—

First, that the bond is payable to the sheriff, and the suit is in the name of the execution-plaintiff. This objection is answered by the 25th sec. of the practice act, R. C. 1824, p. 294, which was in force when the bond, in the present case, was executed. That section authorises a suit to be brought by the party interested, on a bond like the one before us, though it have not the substantial matter required by law—the party suggesting, as in this case, that the bond is defective.

The second objection is, that the assignment of the breach is insufficient.  The general rule is, to assign the breach in the words of the contract, or in words co-extensive with the import and effect of the contract.  1 Chitt. Pl. 326.  That rule is complied with in this case.  The averment is, that the property was not delivered at the time and place fixed by the bond.  This is sufficient.  There is a case, where the promise was to deliver goods *on* or *before* the 19th of *January*, and the breach was, that they were not delivered *on* the 19th of *January*.  Even that breach was held good.  The objection, to be sure, was not made till after verdict; but *Holt*, C. J. said, that the breach would have been good without a verdict.  *Harman* v. *Owden*, 1 Lord Raym. 620.  Had the promise in that case been, as in the present one, merely to deliver on a specified day, the decision shows that no one would have doubted the goodness of the breach on demurrer.  The defendant here says, the property may have been delivered before the day.  The answer is, the sheriff was not bound to receive it until the day, and it is not to be presumed that he did so.  If he did, it was for the defendant to show that fact by plea.  The declaration, besides saying there was no delivery on the specified day, says " nor at any time since the making of the bond," &c.  These latter words are mere surplusage, and cannot be reached by the demurrer.

The last objection is, that there is no averment of the value of the property agreed to be delivered.  This omission, in an action like the present, is no objection on general demurrer.  It might be a substantial defect in detinue, where the action is for the goods themselves or their value.  But in trespass, or trover, or in suits on contracts for the delivery of property, the averment of the value is only matter of form.  *The Mayor, &c. of Reading* v. *Clarke*, 4 Barn. & Ald. 268.

*Per Curiam.*—The judgment is affirmed, with 5 *per cent.* damages and costs.

*S. Judah*, for the appellants.
*A. Kinney*, for the appellee.